**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Astra Veda Corporation, et al., | No. CV-22-01218-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Disruptive Resources LLC, et al., | |
| Defendants. | |

      Before the Court is Plaintiffs' Motion to Remand (Doc. 11). The Motion presents the question of whether, for purposes of the forum defendant rule, a court should disregard the citizenship of a member of a defendant LLC whose interests are closely aligned with the plaintiffs. Finding no support in the law for doing so, this Court concludes that the answer is no, and Plaintiffs' Motion will be granted.

      On May 24, 2022, Plaintiffs Astra Veda Corporation and Ballistic Barrier Products, Inc. filed this action against Defendants Disruptive Resources, LLC and John B. Adrain in Maricopa County Superior Court seeking declaratory relief regarding a license between the parties for use of certain technology. (Doc. 1-5). On July 20, 2022, Mr. Adrain removed the case to this Court. (Doc. 1). On August 8, 2022, Plaintiffs filed the instant Motion to Remand, arguing that removal was improper under the forum defendant rule. (Doc. 11). The Motion has been fully briefed. (Docs. 18, 21).

      Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." But when federal jurisdiction is based on diversity of citizenship, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2). The latter provision is known as the "forum defendant rule."

Here, the parties agree that this Court has original jurisdiction based on diversity of citizenship. On the Plaintiffs' side, Astra Veda is a Wyoming corporation with its business address in Colorado, and Ballistic Barriers is a Delaware corporation with its business address in Tennessee. (Doc. 1 at 3). On the Defendants' side, Mr. Adrain is a Washington resident, while Disruptive Resources, as a limited liability company ("LLC"), takes the citizenship of its members, who reside in Washington, Ohio, and Arizona. (Doc. 1 at 3); *see Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006). The parties also agree that the amount in controversy exceeds $75,000. (Doc. 1 at 3). Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332(a).

Despite the Court's jurisdiction, Plaintiffs argue that the forum defendant rule bars removal. Indeed, as noted above, Disruptive Resources is an Arizona citizen, so under the plain language of the rule, the case may not be removed. Defendants nonetheless argue that the Court should not apply the rule under the circumstances of this case.

Defendants' argument is based on the fact that Disruptive Resources's sole member residing in Arizona is Andy Finch, who has only a two percent interest in Disruptive Resources but is a founding partner, director, and president of Plaintiff Ballistic Barrier. (Doc. 18-1 at 4; Doc. 18-2 at 4, 13). Thus, Defendants argue, Mr. Finch is in fact aligned with Plaintiffs, and his citizenship cannot be used to defeat removal. Plaintiffs do not dispute the underlying facts but argue instead that there are no grounds for the Court to "realign" Mr. Finch—a non-party—with the Plaintiffs such that the forum defendant rule would not apply. The Court agrees with Plaintiffs.

Defendants point to four "guiding principles" that purportedly support their

argument. (Doc. 18 at 5). First, they argue that the Court need not accept the parties as pled by Plaintiffs and "must 'ignore the citizenship of nominal or formal parties' to determine the diversity of the parties." (Doc. 18 at 5 (quoting *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)). Even if that proposition also applies with respect to the forum defendant rule, Mr. Finch is not a "nominal" or "formal" party; indeed, he is not a party at all, nor do Defendants argue that he should be. Rather, it is Disruptive Resources's *own* citizenship that requires application of the forum defendant rule. To be sure, Disruptive Resources's citizenship derives from Mr. Finch's citizenship, but it is not for this Court to put aside the Ninth Circuit's well-established holding that "LLCs have the citizenship of *all* of their owners/members." *Johnson*, 437 F.3d at 902 (emphasis added).

Second, Defendants argue that the Court should exercise its "'broad authority' to realign the 'parties whose interests coincide respecting the primary matter in dispute'" for jurisdictional purposes. (Doc. 18 at 5–6 (quoting *Scott's Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1156–57 (9th Cir. 2012)). But *Scott's Co.* does nothing to support the proposition that the Court has authority to realign a *non-party* member of a party LLC and to essentially remove that member from the LLC in considering the LLC's citizenship. Again, it is Disruptive Resources's citizenship that is at issue, and there are no grounds to align the LLC as a whole with Plaintiffs.

Third, Defendants assert that the forum defendant rule has not "been read mechanically by courts in the Ninth Circuit," pointing to courts that have disallowed "snap removals"—the filing of a notice of removal before a forum defendant has been served—despite the fact that the plain language of the statute does not prohibit them. (Doc. 18 at 6). Initially, the Court notes that even the issue of snap removals is not clear-cut: "[t]he Ninth Circuit has not specifically addressed snap removals," and "other Circuits have endorsed the practice." *Bank of Am., N.A. v. Fid. Nat'l Title Grp., Inc.*, No. 2:21-cv-00348-CDS-BNW, 2022 WL 2819847, at *2 (D. Nev. July 18, 2022) (collecting cases). But even those courts that have disallowed snap removals have done so in large

3

part because it is a "procedural loophole" that "encourages defendants to 'race to the courthouse' to 'make an end run around the forum defendant rule.'" *Id.* (quoting *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 316 (D. Mass. 2013)). In other words, some courts have disallowed an exploitative practice that circumvents the purpose of the forum defendant rule. There is no analogous exploitation or circumvention here.

Finally, and relatedly, Defendants argue that the Court should not remand this case because "the purpose of [the] forum defendant rule is 'to preserve the plaintiff's choice of a (state) forum, under circumstances where it is arguably less urgent to provide a forum to prevent prejudice against an out-of-state party.'" (Doc. 18 at 6 (quoting *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000)). Defendants suggest that such purpose is inapplicable here, where Plaintiffs purportedly have a considerable Arizona presence due to Mr. Finch's control over Ballistic Barrier, while Defendants' presence is de minimis. Even if that were true (and the Court is not convinced), the Court finds no basis for disregarding Mr. Finch as a member of Disruptive Resources in applying the forum defendant rule. As the Supreme Court has stated,

> We reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members," "the several persons composing such association," "each of its members."

*Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–196 (1990) (internal quotation marks and citations omitted). The Court sees no reason to diverge from that command in the context of the forum defendant rule.[1] The Court must consider the citizenship of all of Disruptive

---

[1] This is especially true considering diversity jurisdiction and the forum defendant rule are two sides of the same coin, as Defendants' own citations highlight. *Compare Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 502 (9th Cir. 2001) ("The purpose of diversity jurisdiction is to provide a federal forum for out-of-state litigants where they are free from prejudice in favor of a local litigant."), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010), *with Hurley*, 222 F.3d at 380 ("The [forum defendant] rule is designed to preserve the plaintiff's choice of a (state) forum, under circumstances where it is arguably less urgent to provide a forum to prevent

Resources's members, including Mr. Finch, to determine the LLC's citizenship. Thus, the forum defendant rule plainly applies, and this matter will be remanded.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand (Doc. 11) is **granted**. The Clerk of Court shall **remand** this action to the Maricopa County Superior Court and **terminate** this case.

**IT IS FURTHER ORDERED** that this Court will not rule on Defendants' Motion to Dismiss or in the Alternative to Stay (Doc. 9), and it shall be administratively terminated by the Clerk of Court.

Dated this 26th day of August, 2022.

Honorable Steven P. Logan
United States District Judge

---

prejudice against an out-of-state party.").